IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2016 JAN -7  PM 4:39
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
         DEPUTY

| | |
|---|---|
| IN RE: 804 CONGRESS, LLC § | |
| § | |
| 804 CONGRESS, LLC, § | |
| APPELLANT, § | |
| § | |
| V. § | CAUSE NO. 1:15-CV-766-LY |
| § | |
| JAMES RUIZ, GRETA GOLDSBY, § | |
| WINSTEAD PC, AND WELLS FARGO § | |
| BANK, N.A., § | |
| APPELLEES. § | |

## MEMORANDUM OPINION AND ORDER

This cause is an appeal of two orders entered on July 2, 2015, by the United States Bankruptcy Court for the Western District of Texas, Austin Division. Before the court are Appellant's Brief filed October 2, 2015 (Clerk's Doc. No. 4), Appellees' Brief filed November 2, 2015 (Clerk's Doc. No. 5), and Appellant's Reply Brief filed November 16, 2015 (Clerk's Doc. No. 6). On Friday, December 11, 2015, the court entertained oral argument, at which all parties were represented by counsel. Having carefully considered the briefs, argument of counsel, and applicable law, the court concludes that the bankruptcy court's orders should be affirmed for the reasons to follow.

### I. Background

In 2010, a property (the "Property") of the Debtor 804 Congress, LLC ("804 Congress") was sold in a foreclosure sale. The proceeds from the sale were divided among creditors of 804 Congress, with the remainder to be distributed to 804 Congress pursuant to a Distribution Order and Plan Confirmation Order of the bankruptcy court, each dated March 9, 2011. The mortgagee of the Property, Wells Fargo Bank, N.A. ("Wells Fargo"), received $3,278,146 from the sale including $83,326.80 in attorney's fees. 804 Congress objected to Wells Fargo's claim for

attorney's fees. On March 13, 2015, the bankruptcy court entered an order sustaining 804 Congress's objection to Wells Fargo's claim for attorney's fees. On March 27, 2015, the order became final and unappealable.

On April 8, 2015, 804 Congress filed a motion to compel Greta Goldsby, substitute trustee under the Property's deed of trust, to distribute the $83,326.80 to 804 Congress. After Goldsby failed to do so, 804 Congress filed a Motion for Turnover of Property of the Estate, Motion for Contempt, and Motion for Sanctions on May 22, 2015 (the "Motion for Turnover") against Wells Fargo, Goldsby, Wells Fargo's attorney James Ruiz, and Goldsby and Ruiz's employer Winstead, P.C.[1] seeking (1) $83,327 plus interest from September 10, 2010, until the date the amount is tendered to 804 Congress; (2) a civil contempt fine of $500 per day from April 8, 2015, until the date the amount is tendered; (3) costs, expenses and attorney's fees; and (4) sanctions.

On June 18, 2015, Wells Fargo tendered the $83,326.80 to 804 Congress. On June 23, 2015, Appellees filed a Motion for Summary Judgment on the Motion for Turnover. The bankruptcy court held a hearing on July 1, 2015, and rendered orders the following day granting the Motion for Summary Judgment and denying the Motion for Turnover, each with the exception that "Wells Fargo shall pay [804 Congress] interest on $83,326.80 at the federal judgment rate from March 27, 2015 to June 18, 2015."

804 Congress argues that the bankruptcy court erred in failing to award prejudgment interest and more severe sanctions based on Appellees' alleged refusal to turn over the $83,326.80 in an expeditious and cooperative manner.

---

[1] Wells Fargo, Goldsby, Ruiz, and Winstead, P.C., collectively "Appellees," are referred to individually when necessary for clarity.

2

## II. Standard of Review

On appeal, this court may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree, or remand the matter at issue with instructions to the bankruptcy court to conduct further proceedings. *See* Fed. R. Bankr. 8013. The district court reviews the bankruptcy court's findings of fact under a clearly erroneous standard and conclusions of law *de novo*. *See In re Heartland Fed. Sav. & Loan Ass'n v. Briscoe Enters., Ltd. II (In re Briscoe Enters., Ltd. II)*, 994 F.2d 1160, 1163 (5th Cir. 1993). Mixed questions of fact and law are subject to *de novo* review. *See In re CPDC, Inc.*, 337 F.3d 436, 441 (5th Cir. 2003).

The standard of review for a court's award of prejudgment interest and assessment of monetary sanctions is abuse of discretion. *Matter of Texas Gen. Petroleum Corp.*, 52 F.3d 1330, 1339 (5th Cir. 1995) (prejudgment interest); *In re Bradley*, 588 F.3d 254, 261 (5th Cir. 2009) (monetary sanctions). Generally, an abuse of discretion only occurs where "no reasonable person could take the view adopted by the [lower] court." *Ratliff v. Stewart*, 508 F.3d 225, 229 (5th Cir. 2007) (citation omitted). A court necessarily abuses its discretion if its ruling is based on an "erroneous view" of the relevant legal standards "or on a clearly erroneous assessment of the evidence." *Id.*

An award of prejudgment interest is generally discretionary with the trial court. *Whitfield v. Lindemann*, 853 F.2d 1298, 1306 (5th Cir. 1988); *see also Matter of Coxson*, 43 F.3d 189, 192 (5th Cir. 1995) (affirming bankruptcy court's failure to award prejudgment interest despite bankruptcy court's lack of reasoning because denial was neither "so unfair [n]or so inequitable as to require us to upset it"). Prejudgment interest is not recovered according to a rigid theory of compensation for money withheld, but is given in response to considerations of fairness. *Blau v. Lehman*, 368 U.S. 403, 414 (1962).

A bankruptcy court's authority to sanction under its inherent powers is discretionary. *See* 11 U.S.C. § 105; *see also Siegel*, 134 S. Ct. at 1194. The bankruptcy court has broad authority to discipline attorneys and to award or disgorge fees paid in connection with bankruptcy proceedings. *In re Whitley*, 737 F.3d 980, 987 (5th Cir. 2013). Although its authority is broad, when a bankruptcy court imposes a disciplinary sanction it "must use the least restrictive sanction necessary to deter the inappropriate behavior." *Id.*

A bankruptcy court may also impose sanctions when the court finds that (1) the conduct of a party multiplied the proceedings; and (2) the conduct was both unreasonable and vexatious. *See* 28 U.S.C. § 1927 ("Section 1927"); *Travelers Ins. v. St. Jude Hosp.*, 38 F.3d 1414, 1416-17 (5th Cir. 1994). An award of attorney's fees under Section 1927 requires "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 871 (5th Cir. 2014). Sanctions under Section 1927 are "punitive in nature and require clear and convincing evidence" that sanctions are justified and should be employed "only in instances evidencing a serious and standard disregard for the orderly process of justice." *Id.* at 872.

### III. Analysis and Conclusion

804 Congress argues that the bankruptcy court abused its discretion in failing to award prejudgment interest and more severe sanctions against parties that allegedly lied to the court and multiplied proceedings. Indeed, at the hearing on the motion for summary judgment the bankruptcy judge stated that Ruiz "prevaricated," "played a shell game" with the money due to 804 Congress, and "needlessly and vexatiously increased the expense of litigation."

The bankruptcy court imposed sanctions on Appellants that amounted to approximately $46 in interest on the $83,327 from March 27, 2015, until June 18, 2015. The court stated, "I

think that order, the plan, should have been complied with starting on March 27th and so I'm going to allow interest at the federal judgment rate on $83,327 from the date my order became final…that's March 27th, 2015, to the date that the check was actually handed over to Mr. Sather which was June 18th, 2015."

804 Congress argues that Appellees' failure to pay 804 Congress the $83,326.80 was a violation not only of the order that became final on March 27, 2015, but also of the Distribution Order and the Plan Confirmation Order, each dated March 9, 2011. Neither the Distribution Order nor the Plan Confirmation Order specifically addresses the $83,326.80 in attorney's fees. The Confirmation order states that 804 Congress "shall receive any funds remaining after distributions are made to the creditors." The Distribution Order states that Goldsby shall pay "all remaining proceeds from the foreclosure sale of [the Property] to the Debtor" after making distributions to creditors.

Further, the Distribution Order was in constant litigation until March 27, 2015. Goldsby and Wells Fargo appealed the Distribution Order in March 2011. This court reversed the Distribution Order and remanded the action to the bankruptcy court in March 2012. 804 Congress appealed this court's ruling, and the Fifth Circuit reversed and remanded the action to the bankruptcy court in June 2014. The Fifth Circuit did not make clear whether its decision reinstated the Distribution Order. The bankruptcy court issued its order on remand on March 13, 2015, and the order became unappealable on March 27, 2015.

This court is of the opinion that the bankruptcy court is better positioned to determine the propriety of sanctions and prejudgment interest. The bankruptcy judge carefully considered all evidence and arguments in front of the court and awarded the "least restrictive sanction necessary to deter the inappropriate behavior," according to its discretion. *See Whitley*, 737 F.3d

at 987. No evidence or arguments were presented to this court that were not duly considered by the bankruptcy judge. The court concludes that the bankruptcy court did not abuse its discretion in failing to award prejudgment interest or sanctions beyond the postjudgment interest awarded to 804 Congress.

**IT IS THEREFORE ORDERED** that the Order Regarding Motion for Turnover of Property of the Estate and the Order Regarding Motion for Summary Judgment, each rendered by the United States Bankruptcy Court for the Western District of Texas, Austin Division on July 2, 2015, are **AFFIRMED**.

**SIGNED** this __7th__ day of January, 2016.

```
_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE
```